IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Todd DeGeer,<br><br>   Plaintiff,<br><br> v.<br><br>Union Pacific Railroad Co.,<br><br>   Defendant. | Case No: 8:23-cv-00010-JFB-SMB<br><br>**DECLARATION OF CHARLES A. DELBRIDGE IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S STATUTE OF LIMITATIONS DEFENSE** |

I, Charles A. Delbridge, hereby state and declare as follows:

 1. I am an attorney with Nichols Kaster, PLLP. I was one of the attorneys for the plaintiffs in *Harris v. Union Pacific R.R. Co.*, No. 8:16-cv-381 (D. Neb.).

 2. I submit this declaration in support of Plaintiff Todd DeGeer's Motion for Partial Summary Judgment on Defendant's Statute of Limitations Defense.

 3. The parties in *Harris* engaged in extensive discovery from late 2016 until the plaintiffs filed their class certification motion on August 17, 2018.

 4. In *Harris*, plaintiffs' counsel propounded written discovery requests seeking information about all fitness-for-duty evaluations conducted by Union Pacific during the relevant time period, in accordance with the class definition pled in the *Harris* First Amended Complaint.

 5. However, from the beginning, Union Pacific took the position that the class definition was impermissibly broad in attacking *all* fitness-for-duty evaluations. On the basis of that objection, Union Pacific limited its discovery responses to *only* those fitness-for-duty evaluations that were related to "Reportable Health Events." (*See* Exhibit 7.)

 6. Union Pacific confirmed in a letter to *Harris* plaintiffs' counsel, before we moved

for class certification, that the railroad viewed the Named Plaintiffs' claims as "revolv[ing] around fitness-for-duty evaluations that were initiated because of a Reportable Health Event," and that the railroad had limited all of its discovery responses on that basis. (*See* Balus letter, Exhibit 14.)

7. Consistent with Union Pacific's representation that its discovery responses throughout the case had been limited to "fitness-for-duty evaluations that were initiated because of a Reportable Health Event," *Harris* plaintiffs' counsel defined the class they moved to certify as: "All individuals who have been or will be subject to a fitness-for-duty examination as a result of a reportable health event at any time from September 18, 2014 until the final resolution of this action."

8. Union Pacific also produced three class lists during the course of discovery in *Harris*. In its discovery responses, the railroad described both the first and the second class lists as being lists of "employees who were subject to a Fitness for Duty Evaluation related to a Reportable Health Event."

9. The first list that Union Pacific produced was flawed, in that it did not even include the majority of the named plaintiffs. The railroad subsequently produced a second and third list.

10. Most of the post-*Harris* plaintiffs that we represent in ADA claims against Union Pacific were on one or more of the class lists produced by the railroad in discovery.

11. On February 7, 2019, two days after this Court granted the class certification motion and certified the class as requested, *Harris* plaintiffs' counsel wrote to Union Pacific's counsel and requested "a current class list with updated address information for each of the class members," so that notice could be sent as required by the Court's order. (*See* Exhibit 18.) Union Pacific never provided an updated list.

12. Notices of appeal have been filed in *Blankinship*, *Donahue*, and *DeFries*. We

expect that *Zaragoza* will be appealed as well.

13. The summary judgment motion in *Smithson* remains under advisement.

14. Attached hereto are true and correct copies of the following exhibits:

**Exhibit 1:** First Amended Complaint, *Harris v. Union Pacific R.R. Co.*, No. 8:16-cv-381, ECF No. 20 (D. Neb.).

**Exhibit 2:** Pls.' Mem. in Supp. of Mot. for Class Certification, *Harris*, No. 8:16-cv-381, ECF No. 241.

**Exhibit 3:** Class Declarations, *Harris*, No. 8:16-cv-381, ECF No. 248-33.

**Exhibit 4:** 2020.05.01 Letter from David Schlesinger to EEOC regarding Union Pacific Railroad Company.

**Exhibit 5:** 2020.03.06 Todd Degeer EEOC Charge of Discrimination.

**Exhibit 6:** 2023.01.05 EEOC Right to Sue Letter.

**Exhibit 7:** Compilation of Defendant's written discovery responses from *Harris v. Union Pacific R.R. Co.*, No. 8:16-cv-381 (D. Neb.), highlighted and bookmarked for the Court's convenience.

**Exhibit 8:** 2017.07.07 Email from Scott Moore to Nichols Kaster.

**Exhibit 9:** Def.'s Fourth Supp. Answers to Interrogs, Set 1.

**Exhibit 10:** "Second Class List."

**Exhibit 11:** 2018.02.25 Email from Allison Balus to Nichols Kaster.

**Exhibit 12:** "Third Class List."

**Exhibit 13:** Def.'s Fifth Supp. Answers to Interrogs, Set 1.

**Exhibit 14:** 2018.04.09 Letter from Allison Balus to Nichols Kaster.

**Exhibit 15:** Pls.' Reply in Supp. of Mot. for Class Certification, *Harris*, No. 8:16-cv-381, ECF No. 289.

**Exhibit 16:** Pl.'s Second Am. Answers to Def.'s Second Interrogs.

**Exhibit 17:** Def.'s Br. in Opp'n to Mot. for Class Certification, *Harris*, No. 8:16-cv-381, ECF No. 259.

**Exhibit 18:**   2019.02.07 Letter from James Kaster to Defense Counsel.

**Exhibit 19:**   Union Pacific's Pet. For Permission to Appeal, *Harris*, No. 19-8006 (8th Cir. Feb. 20, 2019).

**Exhibit 20:**   Opening Br. for Appellant, *Harris*, No. 19-1514 (8th Cir. Apr. 25, 2019).

**Exhibit 21:**   2021.01.05 Letter from James Kaster to Defense Counsel.

**Exhibit 22:**   Def.'s Br. in Supp. of Mot. for Summ. J., *Blankinship v. Union Pac. R.R. Co.*, No. CV-21-00072-TUC-RM (D. Ariz.).

**Exhibit 23:**   Def.'s Br. in Supp. of Mot. for Summ. J., *Donahue v. Union Pac. R.R. Co.*, No. 21-cv-00448-MMC (N.D. Cal.).

**Exhibit 24:**   Def.'s Br. in Supp. of Mot. for Summ. J., *DeFries v. Union Pac. R.R. Co.*, No. 3:21-cv-00205-SB (D. Or.).

**Exhibit 25**:   Def.'s Br. in Supp. of Mot. for Summ. J., *Smithson v. Union Pac. R.R. Co.*, No. SA-21-CV-01225-XR (W.D. Tex.).

**Exhibit 26:**   Def.'s Br. in Supp. of Mot. for Summ. J., *Zaragoza v. Union Pac. R.R. Co.*, No. EP-21-CV-287-KC (W.D. Tex.).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: February 20, 2023     *s/Charles A. Delbridge*
                            Charles A. Delbridge

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems, and such filing was sent electronically using the CM/ECF system to all parties for whom counsel has entered an appearance.

Dated: February 20, 2023    *s/Charles A. Delbridge*
                            Charles A. Delbridge