# EXHIBIT 9

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

---

| | |
|---|---|
| Quinton Harris, John Baker, Geoffrey Miller, Norman Mount, Thomas Taylor, and Scott Zinn, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Union Pacific Railroad Company,<br><br>Defendant. | Case No: 8:16cv381-JFB-TDT<br><br><br>**DEFENDANT'S FOURTH SUPPLEMENTAL ANSWERS TO PLAINTIFFS' INTERROGATORIES TO DEFENDANT, SET I** |

---

To:   Plaintiffs, through their attorneys, James H. Kaster, David E. Schlesinger, Nicholas D. Thompson, Charles A. Delbridge, Robert L. Schug, Corey L. Stull, Jeanette Stull, Kristoffer S. Mayfield, and Anthony S. Petru.

Defendant, Union Pacific Railroad Company ("Union Pacific" or "Defendant"), provides these Fourth Supplemental answers to Plaintiffs' First Set of Interrogatories.

### OBJECTIONS TO PLAINTIFFS' PRELIMINARY STATEMENTS

1.     Defendant objects to Plaintiffs' INSTRUCTIONS and DEFINITIONS sections to the extent they are inconsistent with and not contemplated by the Federal Rules of Civil Procedure.

2.     Defendant objects to Plaintiffs' INSTRUCTIONS and DEFINITIONS sections to the extent they are inconsistent with and more burdensome than the Parties' obligations as agreed to in the Parties' Rule 26(f) Report (Filing No. 98), the Parties' Joint Stipulated Order Governing the Disclosure of Privileged Information (Filing No. 100), and the Parties' Joint Stipulated Protective Order (Filing No. 101).

3.     Defendant objects to Plaintiffs' DEFINITIONS section because it violates NECivR 33.1(b).

4.     Defendant objects to Plaintiffs' definitions of "agent," "Defendant," "Your," and

1

"You," because they place a burden on Defendant that exceeds the requirements of Federal Rules of Civil Procedure 33 and 34.  Defendant will respond with non-privileged, responsive information that is in its "possession, custody, or control," as required by those Rules and in accordance with agreements between the Parties regarding ESI discovery.

5.      Defendant objects to Plaintiffs' definition of "document" to the extent it is different from or broader than the definition of "document" contained in Federal Rule of Civil Procedure 34.

6.      Defendant objects to the Plaintiffs' definitions of "describe" and "identify" because the definition as applied to the interrogatories multiplies the number of interrogatories beyond what is allowed under Federal Rule of Civil Procedure 33(a), NECivR 33.1(c), and the Parties' Rule 26(f) Report (Filing No. 98).

7.      Statements that responsive documents will be produced shall not constitute an acknowledgement that such documents exist.

8.      Defendant will respond in a manner consistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of Nebraska.

## **INTERROGATORIES**

**INTERROGATORY NO. 6**:   Identify all employees from whom Defendant has requested employee or family health and/or medical information since January 1, 2014. Include the following information about each employee:

a.  Name

b.  Dates of employment;

c.  Position(s) held when Defendant made the request(s);

d.  Date the employee began working in such position(s);

e.  Location(s) out of which employee worked when Defendant made the request(s);

f.  Rate(s) of pay when Defendant made the request(s);

g.  Date(s) on which Defendant made the request(s);

h.  What health or medical information Defendant was requested;

i.  Defendant's reasons for making the request(s); and

j.  Any change in the employee's job status since Defendant made the request(s).

**ANSWER**:

Defendant objects to Interrogatory No. 6 as overly broad, unduly burdensome, and beyond the scope of discovery set forth in Federal Rule of Civil Procedure 26 to the extent it seeks information regarding requests for employee or family health and/or medical information other than those made in conjunction with Fitness-for-Duty evaluations related to Reportable Health Events. Defendant further objects to Interrogatory No. 6 to the extent it implies that Defendant explicitly requests family health or genetic information from any employee. Subject to and without waiving said objections, Defendant encloses  Exhibit A, which is a spreadsheet identifying employees who were subject to the Reportable Health Events provision of Defendant's Medical Rules and from whom Defendant requested medical information related to a Fitness for Duty Evaluation. The spreadsheet includes the employee's name, employment identification number, and position held with Defendant. Defendant will supplement with the additional responsive information.  Defendant affirmatively states that identifying the employees in response to this interrogatory should in no way be construed as an admission by Defendant that the employees disclosed are or could be part of the "ADA Class" or the "GINA Class" as alleged in Plaintiffs' First Amended Complaint or any other class on whose behalf Plaintiffs are seeking relief.

**INTERROGATORY NO. 8**:   Identify all employees who have been subject to a fitness-for-duty evaluation since January 1, 2014. If an employee was subject to more than one fitness-for-duty evaluation since January 1, 2014, include information about each fitness-for-duty evaluation. Include the following information about each employee:

a.  Name

b.  Dates of employment;

c.  Position(s) held when the fitness-for-duty evaluation(s) were initiated;

d.  Date the employee began working in such position(s);

e.  Location(s) from which employee worked when  the fitness-for-duty evaluation(s) were initiated;

f.  Rate(s) of pay when the fitness-for-duty evaluation(s) were initiated;

g.  Date(s) on which Defendant initiated the fitness-for-duty evaluation(s);

h.  Reason(s) Defendant initiated the fitness-for-duty evaluation(s);

i. Date(s) during which the employee was held out of service without pay for reasons relating to fitness-for-duty evaluation(s);

j. Date(s) on which fitness-for-duty determination(s) were issued;

k. Person(s) who conducted the fitness-for-duty evaluation(s);

l. A description of the fitness-for duty evaluation(s);

m. Person(s) who issued the fitness-for-duty determination(s);

n. The fitness-for-duty determination(s), including any restrictions imposed;

o. Defendant's efforts to accommodate any restrictions imposed as a result of such determination(s);

p. Reinstatement date(s) of the employee following fitness-for-duty evaluation(s);

q. Change to the employee's job status since initiation of the fitness-for-duty evaluation(s);

r. Dates on which reconsideration of the fitness-for-duty determination was requested; and

s. The result(s) of such requests.

**ANSWER**:  Defendant objects to Interrogatory No. 8 as overly broad, unduly burdensome, and beyond the scope of discovery set forth in Federal Rule of Civil Procedure 26 to the extent it seeks information regarding Fitness-for-Duty evaluations other than those involving Reportable Health Events.   Subject to and without waiving said objections, Defendant enclose Exhibit A, which is a spreadsheet identifying employees who were subject to a Fitness for Duty Evaluation related to a Reportable Health Event as defined in Defendant's Medical Rules.   The spreadsheet includes the employee's name, employment identification number, and position held with Defendant.   Defendant will supplement with the additional responsive information.   Defendant affirmatively states that identifying the employees in response to this interrogatory should in no way be construed as an admission by Defendant that the employees disclosed are or could be part of the "ADA Class" or the "GINA Class" as alleged in Plaintiffs' First Amended Complaint or any other class on whose behalf Plaintiffs are seeking relief.

Dated this 7th day of July, 2017.

UNION PACIFIC RAILROAD COMPANY,
Defendant,


By:   /s/Scott P. Moore
       Scott Parrish Moore (NE# 20752)
       Christopher R. Hedican (NE# 19744)
       Leigh Campbell Joyce (MA#682637)
of    BAIRD HOLM LLP
       1700 Farnam Street
       Suite 1500
       Omaha, NE  68102-2068
       Phone: 402-344-0500

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was sent via electronic mail on this 7th day of July, 2017, to the following:

James H. Kaster at kaster@nka.com
David E. Schlesinger at schlesinger@nka.com
Nicholas D. Thompson at nthompson@nka.com
Charles A. Delbridge at cdelbridge@nka.com
Robert L. Schug at schug@nka.com
Corey L. Stull at cstull@perrylawfirm.com
Jeanette Stull at jstull@perrylawfirm.com
Kristoffer S. Mayfield at mayfield@hmnlaw.com
Anthony S. Petru at petru@hmnlaw.com


/s/Scott P. Moore

DOCS/1908073.1