# EXHIBIT 13

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| Quinton Harris, John Baker, Geoffrey Miller, Norman Mount, Thomas Taylor, and Scott Zinn, individually and on behalf of others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>Union Pacific Railroad Company,<br><br>                Defendant. | Case No: 8:16cv381-JFB-TDT<br><br>**DEFENDANT'S FIFTH SUPPLEMENTAL ANSWERS TO PLAINTIFFS' INTERROGATORIES TO DEFENDANT, SET I** |

To: Plaintiffs, through their attorneys, James H. Kaster, David E. Schlesinger, Nicholas D. Thompson, Charles A. Delbridge, Robert L. Schug, Corey L. Stull, and Anthony S. Petru.

Defendant, Union Pacific Railroad Company ("Union Pacific" or "Defendant"), provides these fifth supplemental answers to Plaintiffs' First Set of Interrogatories.

**CONTINUED OBJECTIONS TO PLAINTIFFS' PRELIMINARY STATEMENTS**

1. Defendant continues to object to Plaintiffs' INSTRUCTIONS and DEFINITIONS sections to the extent they are inconsistent with and not contemplated by the Federal Rules of Civil Procedure.

2. Defendant continues to object to Plaintiffs' INSTRUCTIONS and DEFINITIONS sections to the extent they are inconsistent with and more burdensome than the Parties' obligations as agreed to in the Parties' Rule 26(f) Report (Filing No. 98), the Parties' Joint Stipulated Order Governing the Disclosure of Privileged Information (Filing No. 100), and the Parties' Joint Stipulated Protective Order (Filing No. 101).

3. Defendant continues to object to Plaintiffs' DEFINITIONS section because it violates NECivR 33.1(b).

4. Defendant continues to object to Plaintiffs' definitions of "agent," "Defendant,"

1

"Your," and "You," because they place a burden on Defendant that exceeds the requirements of Federal Rules of Civil Procedure 33 and 34.  Defendant will respond with non-privileged, responsive information that is in its "possession, custody, or control," as required by those Rules and in accordance with agreements between the Parties regarding ESI discovery.

5. Defendant continues to object to Plaintiffs' definition of "document" to the extent it is different from or broader than the definition of "document" contained in Federal Rule of Civil Procedure 34.

6. Defendant continues to object to the Plaintiffs' definitions of "describe" and "identify" because the definition as applied to the interrogatories multiplies the number of interrogatories beyond what is allowed under Federal Rule of Civil Procedure 33(a), NECivR 33.1(c), and the Parties' Rule 26(f) Report (Filing No. 98).

7. Statements that responsive documents will be produced shall not constitute an acknowledgement that such documents exist.

8. Defendant will respond in a manner consistent with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of Nebraska.

## INTERROGATORIES

**INTERROGATORY NO. 2**:   Identify all persons who Defendant believes have knowledge relevant to this lawsuit, the allegations in the Amended Complaint, or Defendant's defenses thereto. Include in your answer a detailed description of the information Defendant believes may be known by each identified individual.

**ANSWER**:

Defendant objects to Interrogatory No. 2 as overly broad and unduly burdensome in its request for a "detailed description of the information Defendant believes may be known by each identified individual" because such a request is better suited to a deposition.  *See Strode v. Venice, IL,* Civil No. 06-228-GPM, 2007 WL 294263, (S.D. Ill. Jan. 30, 2007); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997) ("In many instances depositions, rather than interrogatories, will better serve the purpose of obtaining detailed facts.").  Defendant further objects to Interrogatory No. 2 to the extent it seeks information that is protected by privilege, including the attorney-client and work product privileges.  For example, in-house and outside

counsel may have relevant, but privileged, knowledge.

Subject to and without waiving these objections and answering the portion of the Interrogatory to which Defendant does not object, Defendant incorporates by reference Section A of its Rule 26(a) Initial Disclosures and any amendments thereto and makes the following disclosure:

- Any person identified in response to Interrogatory No. 4 as persons with knowledge of the development and implementation of Defendant's Medical Rules.

- Daniel Fischer,
  Regional Manager of Disability Prevention and Management
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Mr. Fischer has knowledge of the vocational rehabilitation services provided to Quinton Harris ("Plaintiff Harris") and John Baker ("Plaintiff Baker") and Defendant's attempts to identify alternative employment opportunities for them.

- Dr. John Holland
  Chief Medical Officer
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May only be contacted through counsel.

  Dr. Holland has knowledge regarding all of the named Plaintiff's medical restrictions, Union Pacific's medical rules, and the fitness for duty process.

- Dr. Matthew Hughes
  Associate Medical Director
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May only be contacted through counsel.

  Dr. Hughes has knowledge of Plaintiff Taylor's medical restrictions.

- Debra Gengler
  General Director Clinical Services

3

Union Pacific Railroad Company
1400 Douglas St.
Omaha, NE 68179
(402)544-5000

May be contacted through counsel only.

Ms. Gengler has knowledge of information provided to the named Plaintiffs regarding their work restrictions, Union Pacific's medical rules, and the fitness for duty policies and procedures.

- Robyn N. Hiatt
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

May be contacted through counsel only.

Robyn Hiatt has knowledge of notice to Plaintiff Miller that he was unable to perform the job with or without reasonable accommodation because of his permanent medical restrictions.

- Mark J. Gallagher
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

May be contacted through counsel only.

Mr. Gallagher has knowledge of notice to Plaintiff Harris that he was unable to perform the job with or without reasonable accommodation because of his permanent medical restrictions.

- Jennifer Roberts
  Fitness for Duty Nurse
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

May only be contacted through counsel.

Ms. Roberts has information regarding information provided to Defendant regarding the medical restrictions and return to work of Plaintiffs Taylor and Mount.

- Thomas Moran
  Manager Signal Construct

4

- Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Mr. Moran has knowledge of information provided to Plaintiff Taylor regarding his inability to return to work.

- Dr. Roy Sucholeiki
  CDPG Winfield Neurosciences
  25 North Winfield Rd. Ste. 424
  Winfield, IL 60190-1295

  Dr. Sucholeiki is Plaintiff Taylor's treating physician.

- Harold Morales
  Manager
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Mr. Morales has knowledge regarding Plaintiff Mount's work restrictions.

- Nels Johnson
  Director
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Mr. Johnson has knowledge regarding Plaintiff Mount's work restrictions

- Dr. Richard Katholi
  Prairie Cardiovascular Center
  P.O. Box 19420
  Springfield, Illinoi 62794-9420

  Dr. Katholi is a doctor with knowledge regarding Plaintiff Mount's cardiac condition.

- Dr. Palaniappan Suppiah
  309 South Broadway
  Salem, IL 62881

5

Dr. Suppiah was Plaintiff Mount's treating physician.

- Pamela R. Walker
  Occupational Ability Review Nurse
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE  68179
  (402)544-5000

  May be contacted through counsel only.

  Ms. Walker has information regarding information provided to Defendant regarding Plaintiff Mount's medical restrictions and return to work.

- Victor Biton, M.D.
  Arkansas Epilepsy Program, P.A.
  Two Lile Court, Suite 100
  Little Rock, AR 72205
  (501) 227-5061

  Plaintiff Harris' treating physician

- Jason P. Corean
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE  68179
  (402)544-5000

  May be contacted through counsel only.

  Jason Corean has information regarding Geoffrey W. Miller's ("Plaintiff Miller") medical restrictions and analysis of return to work.

- Theresa Rodino, RN, CCM
  Fitness for Duty Nurse
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE  68179
  (402)544-5000

  May be contacted through counsel only.

  Ms. Rodino has information regarding information provided to Defendant regarding the medical restrictions and return to work of Plaintiffs Miller and Zinn.

- Bridgette Ziemer
  Occupational Health Nurse
  Union Pacific Railroad Company

6

    1400 Douglas St.
Omaha, NE 68179
(402)544-5000

May be contacted through counsel only.

Ms. Ziemer has information regarding information provided to Defendant regarding the medical restrictions and return to work of Plaintiff Zinn.

- Rhonda Ross, RN
  Fitness for Duty Nurse
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Ms. Ross has information regarding information provided to Defendant regarding Plaintiff Miller's medical restrictions and return to work.

- Dr. Joshua Remick
  Providence Medical Group
  9427 SW Barnes Rd Ste 498
  Portland, OR 97225
  (502) 261-0900

  Dr. Remick is Plaintiff Miller's treating physician.

- Mario Sanchez
  Vice General Chairman, Brotherhood of Railroad Signalmen
  117 Flintrock Court
  Roseville, CA 95747
  (916) 783-5870

  Mr. Sanchez has knowledge of Plaintiff Miller's request for re-examination.

- Mark Jones
  Director of Employee Assistance Program
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Mr. Jones has knowledge of Plaintiff Zinn's fitness for duty.

- Bill Ford
  Manager of Employee Assistance Program

7

Union Pacific Railroad Company
1400 Douglas St.
Omaha, NE 68179
(402)544-5000

May be contacted through counsel only.

Mr. Ford has knowledge of Plaintiff Zinn's fitness for duty.

- Sandy Christen
  Director Engineering Quality Management
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Sandy Christen has knowledge of notice to Plaintiff Miller that he was unable to perform the job with or without reasonable accommodation because of his permanent medical restrictions.

- Jason P. Coveau
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Mr. Coveau has knowledge of Plaintiff Miller's inability to perform the job with or without reasonable accommodation because of his permanent medical restrictions.

- Jill Amos
  Fitness for Duty Regulatory Nurse
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Ms. Amos has information regarding information provided to Defendant regarding the medical restrictions and return to work of Plaintiffs Harris, Miller, and Zinn.

- Dr. John Charbonneau
  Associate Medical Director
  Union Pacific Railroad Company

      1400 Douglas St.
      Omaha, NE 68179
      (402)544-5000

      May be contacted through counsel only.

      Dr. Charbonneau has information regarding the medical restrictions of Plaintiffs Baker and Zinn.

- Dr. Jaspinder Tahim
  Department of Veterans Affairs
  3601 S. 6th Ave.
  Southern Arizona VA Health Care System
  Tucson, AZ 85723

  Mr. Tahim was Plaintiff Zinn's treating physician

- Dr. Fred Wiggins
  Peacemaker Christian Family Counseling
  Contact information unknown

  Mr. Wiggins conducted a psychological report created for Plaintiff Zinn.

- Dan Stone
  Dan Stone Counseling
  4949 East Placita Alisa
  Tucson, AZ 85718

  Mr. Stone has knowledge of Plaintiff Zinn's history of substance abuse.

- Pam Pachaud, RN
  Fitness for Duty Nurse
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Ms. Pachuad has information regarding information provided to Defendant regarding Plaintiff Baker's medical restrictions and return to work.

- Heather Taylor, MRC, CRC
  Vocational Rehabilitation Consultant
  Systemedic Corporation
  10809 Executive Center Drive, Suite 105
  Little Rock, AR 72211
  (501) 227-5553

  Ms. Taylor has knowledge of the vocational rehabilitation services provided to

9

Plaintiff Harris and Plaintiff Baker.

- Terry Owens, MRC, LPE, CRC
  Director Disability Management
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Terry Owens has knowledge of the vocational rehabilitation services offered to Plaintiffs Harris, Baker, Taylor, and Mount.

- Jay Everett
  Union Pacific Railroad Company
  1400 Douglas St.
  Omaha, NE 68179
  (402)544-5000

  May be contacted through counsel only.

  Mr. Everett has knowledge regarding the notice giving to Plaintiff Baker regarding his inability to perform the job with or without reasonable accommodation because of his permanent medical restrictions.

- Robert Silzer, M.D.
  Little Rock Diagnostic Clinic
  10001 Lile Drive
  Little Rock, AR 72205
  (501) 227-8000

  Plaintiff Baker's treating physician.

**SUPPLEMENTAL ANSWER:**

- **Rod Doerr**
  **Assistant Vice President, Safety**
  **Union Pacific Railroad Company**
  **1400 Douglas St.**
  **Omaha, NE 68179**
  **(402)544-5000**

  **May be contacted through counsel only.**

  **Mr. Doerr has knowledge regarding the evolution of "safety sensitive" positions at Union Pacific and in the railroad industry, Union Pacific's efforts to enhance safety, and safety issues relevant to various positions.**

- **John Grogan
    Director Industrial Hygiene and Safety Engineering
    Union Pacific Railroad Company
    1400 Douglas St.
    Omaha, NE  68179
    (402)544-5000**

    **May be contacted through counsel only.**

    **Mr. Grogan has knowledge regarding EMF surveys conducted in connection with FFD evaluations.**

- **Kristi Deardorff
    Disability Prevention Management Analyst, Northern Region
    Union Pacific Railroad Company
    1400 Douglas St.
    Omaha, NE  68179
    (402)544-5000**

    **May be contacted through counsel only**

    **Ms. Deardorff has knowledge of Union Pacific's vocational rehabilitation services and its efforts return employees to work following injury or find alternative employment.**

- **Any Union Pacific employee listed in a plaintiff's or putative plaintiff's Medical Comments History or eHealthSafe data has knowledge as reflected in those documents.**

- **Any person identified by the Named Plaintiffs in: (1) their responses to Defendants' interrogatories and/or requests for production of documents; (2) their medical files or other documents produced by the Named Plaintiffs; and (3) any person identified in the Named Plaintiffs' deposition testimony.**

**INTERROGATORY NO. 6**:   Identify all employees from whom Defendant has requested employee or family health and/or medical information since January 1, 2014. Include the following information about each employee:

a.  Name

b.  Dates of employment;

c.  Position(s) held when Defendant made the request(s);

d.  Date the employee began working in such position(s);

11

   e.  Location(s) out of which employee worked when Defendant made the request(s);

   f.  Rate(s) of pay when Defendant made the request(s);

   g.  Date(s) on which Defendant made the request(s);

   h.  What health or medical information Defendant was requested;

   i.  Defendant's reasons for making the request(s); and

   j.  Any change in the employee's job status since Defendant made the request(s).

**AMENDED ANSWER**:

Defendant objects to Interrogatory No. 6 as overly broad, unduly burdensome, and beyond the scope of discovery set forth in Federal Rule of Civil Procedure 26 to the extent it seeks information regarding requests for employee or family health and/or medical information other than those made in conjunction with Fitness-for-Duty evaluations related to Reportable Health Events.  Defendant further objects to Interrogatory No. 6 to the extent it implies that Defendant explicitly requests family health or genetic information from any employee.

On April 20, 2017, Union Pacific first produced a spreadsheet identifying 1,279 current or former Union Pacific employees who were subject to a Fitness for Duty Evaluation related to a Reportable Health Event.[1]  In response to some inquiries from Plaintiffs' counsel regarding the inclusivity of Defendant's search to identify all employees who fall within Plaintiffs' definition of the putative classes, on July 7, 2017, Union Pacific produced a second spreadsheet identifying 6,290 current or former Union Pacific employees who were subject to a Fitness for Duty Evaluation related to a Reportable Health Event.[2]

Since that date, Defendant has made further efforts to confirm that the list was sufficiently broad to effectively respond to Plaintiffs' discovery requests.  Having identified the more than 6200 employees on the list, Defendant objects to the following categories of the interrogatory above as unduly burdensome and contrary to the purpose of Federal Rule of Civil Procedure 23: (h) and (i).  As explained in Defendant's counsel's September 15, 2017 email to Plaintiffs' counsel, Union Pacific is unable to provide the specific health or medical information requested from each person on the list, as well as Defendant's reasons for making the request, without conducting a manual review of each individual's medical file.  The medical files for the named plaintiffs average 164 pages.  Thus, with more than 6,200 putative class members, this could result in the review of over 1 million pages.  *Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2016 WL 430438, at *10 (E.D. Cal. Feb. 4, 2016) (finding interrogatory that would have required Defendants to search through the employee folder of every non-exempt employee that worked for Defendants from 2003 through the present to

---

[1] Defendant's production of the April 20 spreadsheet was not an admission that the employees disclosed were or could be part of the "ADA Class" or the "GINA Class" as alleged in Plaintiffs' First Amended Complaint or any other class on whose behalf Plaintiffs are seeking relief.

[2] Defendant's production of the July 7 spreadsheet was not an admission that the employees disclosed were or could be part of the "ADA Class" or the "GINA Class" as alleged in Plaintiffs' First Amended Complaint or any other class on whose behalf Plaintiffs are seeking relief.

find all employment related job performance and discipline was overly burdensome in the context of a class action).

To respond to the remaining categories, Defendant will produce three reports for the putative class: work history report; eHealthSafe report; payroll report.

**SUPPLEMENTAL ANSWER:**

**On February 26, 2017, Union Pacific produced a third spreadsheet listing 7,723 employees[3], who were identified within Union Pacific's eHealthSafe under the following criteria:**
1. **individuals identified as having a Reportable Health Condition Service or a critical diagnosis;**
2. **individuals who had a service outcome entry of "NOTMC" (not medically cleared to return to work) or CLPERMR (cleared to return to work with permanent work restrictions);**
3. **individuals who had a workability entry of "Temporary – Not Fit for Duty" or "Permanent – Not Fit for Duty"**
4. **individuals who had a workability entry of "Sudden Incapacitation"**

**The data parameters used for identifying these employees was based on both a service open and in progress as of, or closed after, October 1, 2013.**

**In further response to this interrogatory, Defendant produced the following:**
- **Work History Report (UP 008804) produced on November 1, 2017;**
- **Non-Agreement Pay History Report (UP_Harris_019140) produced on November 20, 2017;**
- **Agreement Pay History Report (UP_Harris_039814) produced on December 5, 2017;**
- **eHealthSafe Report (UP_Harris_202506) produced on January 3, 2018**
- **Supplemental eHealthSafe Report (UP_Harris_238006-238007) produced on February 26, 2018**
- **Supplemental Agreement Pay History Report (UP_Harris_238046) produced on March 23, 2018**
- **Supplemental Employee Work History Report (UP_Harris_238047) produced on March 23, 2018**
- **Supplemental Non-Agreement Pay History Report (UP_Harris_238048) produced on March 23, 2018**

**INTERROGATORY NO. 8**:   Identify all employees who have been subject to a fitness-for-duty evaluation since January 1, 2014. If an employee was subject to more than one fitness-for-duty evaluation since January 1, 2014, include information about each fitness-for-duty

---

[3] Defendant's production of the February 26, 2018 spreadsheet was not an admission that the employees disclosed were or could be part of the "ADA Class" or the "GINA Class" as alleged in Plaintiffs' First Amended Complaint or any other class on whose

13

evaluation. Include the following information about each employee:

a. Name

b. Dates of employment;

c. Position(s) held when the fitness-for-duty evaluation(s) were initiated;

d. Date the employee began working in such position(s);

e. Location(s) from which employee worked when the fitness-for-duty evaluation(s) were initiated;

f. Rate(s) of pay when the fitness-for-duty evaluation(s) were initiated;

g. Date(s) on which Defendant initiated the fitness-for-duty evaluation(s);

h. Reason(s) Defendant initiated the fitness-for-duty evaluation(s);

i. Date(s) during which the employee was held out of service without pay for reasons relating to fitness-for-duty evaluation(s);

j. Date(s) on which fitness-for-duty determination(s) were issued;

k. Person(s) who conducted the fitness-for-duty evaluation(s);

l. A description of the fitness-for duty evaluation(s);

m. Person(s) who issued the fitness-for-duty determination(s);

n. The fitness-for-duty determination(s), including any restrictions imposed;

o. Defendant's efforts to accommodate any restrictions imposed as a result of such determination(s);

p. Reinstatement date(s) of the employee following fitness-for-duty evaluation(s);

q. Change to the employee's job status since initiation of the fitness-for-duty evaluation(s);

r. Dates on which reconsideration of the fitness-for-duty determination was requested; and

s. The result(s) of such requests.

**AMENDED ANSWER**:

Defendant objects to Interrogatory No. 8 as overly broad, unduly burdensome, and beyond the scope of discovery set forth in Federal Rule of Civil Procedure 26 ==to the extent it seeks==

behalf Plaintiffs are seeking relief.

information regarding Fitness-for-Duty evaluations other than those involving Reportable Health Events.

On April 20, 2017, Union Pacific first produced a spreadsheet identifying 1,279 current or former Union Pacific employees who were subject to a Fitness for Duty Evaluation related to a Reportable Health Event. In response to some inquiries from Plaintiffs' counsel regarding the inclusivity of Defendant's search to identify all employees who fall within Plaintiffs' definition of the putative classes, on July 7, 2017, Union Pacific produced a second spreadsheet identifying 6,290 current or former Union Pacific employees who were subject to a Fitness for Duty Evaluation related to a Reportable Health Event.

Since that date, Defendant has made further efforts to confirm that the list was sufficiently broad to effectively respond to Plaintiffs' discovery requests. Having identified the more than 6200 employees on the list, Defendant objects to the following categories of the interrogatory above as unduly burdensome and contrary to the purpose of Federal Rule of Civil Procedure 23: (h), (k), (l), (m), (o), (r), and (s). As explained in Defendant's counsel's September 15, 2017 email to Plaintiffs' counsel, Union Pacific is unable to provide the specific reasons for the initiation of the FFD process, the names of persons who conducted each FFD evaluation, the specific steps taken in performing each FFD evaluation, or the person who issued the fitness-for-duty determination without conducting a manual review of each individual's medical file. The medical files for the named plaintiffs average 164 pages. Thus, with more than 6,200 putative class members, this could result in the review of over 1 million pages. In addition, Defendant's efforts to accommodate an individual employee's restrictions could manifest in many different ways. It could come through written or oral communications with the employee's supervisor. It could come through a referral to the DPM group. Moreover, an employee's request to reconsider an FFD determination could be raised through the EEO hotline, a Labor Relations objection, a time claim, an oral communication with his/her supervisor, etc. Thus, to sufficiently respond on categories (o), (r) and (s), Defendant would need to interview potentially thousands of people and review thousands of documents from various sources. *Medlock*, 2016 WL 430438, at *10 (E.D. Cal. Feb. 4, 2016) (finding interrogatory that would have required Defendants to search through the employee folder of every non-exempt employee that worked for Defendants from 2003 through the present to find all employment related job performance and discipline was overly burdensome in the context of a class action).

To respond to the remaining categories, Defendant will produce three reports for the putative class: work history report; eHealthSafe report; payroll report.

**SUPPLEMENTAL ANSWER:**

**On February 26, 2017, Union Pacific produced a third spreadsheet listing 7,723 employees[4], who were identified within Union Pacific's eHealthSafe under the following criteria:**
1. **individuals identified as having a Reportable Health Condition Service or a critical diagnosis;**

---

[4] Defendant's production of the February 26, 2018 spreadsheet was not an admission that the employees disclosed were or could be part of the "ADA Class" or the "GINA Class" as alleged in Plaintiffs' First Amended Complaint or any other class on whose behalf Plaintiffs are seeking relief.

15

2. individuals who had a service outcome entry of "NOTMC" (not medically cleared to return to work) or CLPERMR (cleared to return to work with permanent work restrictions);
3. individuals who had a workability entry of "Temporary – Not Fit for Duty" or "Permanent – Not Fit for Duty"
4. individuals who had a workability entry of "Sudden Incapacitation"

The data parameters used for identifying these employees was based on both a service open and in progress as of, or closed after, October 1, 2013.

In further response to this interrogatory, Defendant produced the following:
- Work History Report (UP 008804) produced on November 1, 2017;
- Non-Agreement Pay History Report (UP_Harris_019140) produced on November 20, 2017;
- Agreement Pay History Report (UP_Harris_039814) produced on December 5, 2017;
- eHealthSafe Report (UP_Harris_202506) produced on January 3, 2018
- Supplemental eHealthSafe Report (UP_Harris_238006-238007) produced on February 26, 2018
- Supplemental Agreement Pay History Report (UP_Harris_238046) produced on March 23, 2018
- Supplemental Employee Work History Report (UP_Harris_238047) produced on March 23, 2018
- Supplemental Non-Agreement Pay History Report (UP_Harris_238048) produced on March 23, 2018

Dated this 1st day of May 2018.

UNION PACIFIC RAILROAD COMPANY,
Defendant,

By:  s/Allison D. Balus
     Scott Parrish Moore (NE# 20752)
     Christopher R. Hedican (NE# 19744)
     Allison D. Balus (NE# 23270)
     Leigh Campbell (MA#682637)
of   BAIRD HOLM LLP
     1700 Farnam Street
     Suite 1500
     Omaha, NE  68102-2068
     Phone: 402-344-0500

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was sent via electronic mail on this 1st day of May 2018, to the following:

James H. Kaster at kaster@nka.com
David E. Schlesinger at schlesinger@nka.com
Nicholas D. Thompson at nthompson@moodyrrlaw.com
Charles A. Delbridge at cdelbridge@nka.com
Neil Pederson at npederson@nka.com
Robert L. Schug at schug@nka.com
Corey L. Stull at cstull@atwoodlawyers.com
Anthony S. Petru at petru@hmnlaw.com

s/Allison D. Balus

DOCS/2060328.1