## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| Todd DeGeer, | Case No. 8:23-cv-00010-RFR-SMB |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Union Pacific Railroad Co., | |
| Defendant. | |

Plaintiff Todd DeGeer ("Plaintiff" or "DeGeer") submits the following response to Defendant Union Pacific Railroad Co.'s ("Defendant" or "Union Pacific") statement of additional facts under Fed R. Civ. P. 56 and NECivR 56.1(b)(1) in support of Plaintiff's Partial Motion for Summary Judgement.

## I.   PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS

1.      Admit.

2.      Admit in part, deny is part. Admit that the *Harris* plaintiffs sought certification of Count I of the First Amended Complaint but deny that the motion is captured by this paragraph, or the excerpts of the *Harris* plaintiffs' Motion for Class Certification filed by Defendant. The entirety of the *Harris* plaintiffs' Motion for Class Certification is filed as Exhibit 2 to Plaintiff's current Motion for Partial Summary Judgment. (ECF No. 17-02, Ex. 2.) As detailed therein, the *Harris* plaintiffs moved for class certification on their disparate treatment claims under both 42 U.S.C. §§ 12112(a) and (b)(6) and included DeGeer and other individuals who had failed the Light Cannon test as class members. (*See id.* at pp. 12, 23-24; *see also* ECF No. 17-03, Ex. 3, Class Declarations.)

3.      Admit in part, deny in part. Admit that the *Harris* plaintiffs sought certification as per this paragraph but deny to the extent that Defendant attempts to infer that DeGeer, or other Light Cannon plaintiffs, were not included within the class definition. All discovery produced by Defendant during *Harris* was limited to employees who had fitness for duty evaluations related to "Reportable Health Events," and DeGeer and other employees who were removed from service following a failed Light Cannon were included on the lists of affected individuals produced by Defendant. (*See* ECF No. 16 at ¶¶ 23-39.) Accordingly, all parties understood that DeGeer and the other Light Cannon plaintiffs were included within the certified class definition. (*See id.*)

4.      Admit in part, deny in part. Admit that Union Pacific's medical rules state that fitness-for-duty examinations may be initiated for different reasons. Deny to the extent that Defendant infers that its medical rules govern the scope of the *Harris* certified class, rather than the District Court's class certification order, and deny to the extent that Defendant infers that employees who were subject to a fitness-for-duty exam as part of a regulatory exam, job transfer, or supervisor referral were not part of the *Harris* Plaintiffs' certified class. Such employees were explicitly included in the certified class definition, and all parties understood that they were part of the class. (*See* ECF No. 16 at ¶¶ 23-48.) Indeed, the *Harris* Court explicitly referred to DeGeer and the other declarants as "class members" and held that they "experienced the discrimination alleged herein." *Harris v. Union Pac. R.R. Co.*, 329 F.R.D. 616, 624, n. 3 (D. Neb. 2019), rev'd, 953 F.3d 1030 (8th Cir. 2020). The *Harris* Court also rejected Defendant's argument that color vision claims were not "typical" of the class or should be excluded. *Id*. at 623-24.

5.      Admit in part, deny in part. Admit that the cited language is included within Defendant's Medical Rules. Deny to the extent Defendant contends that its medical rules govern the scope of the *Harris* certified class, rather than the District Court's class certification order.

Also deny to the extent Defendant contends that its fitness-for-duty program was limited to the literal terms of its Medical Rules. The *Harris* plaintiffs asserted, and Defendant's witnesses acknowledged, that Defendant's fitness-for-duty program was much broader than the literal terms in the Medical Rules. (*See* ECF No. 16 at ¶¶ 23-48; SSOF ¶¶ 1-14.) The *Harris* Court certified the class according to how Defendant's fitness-for-duty program was applied in practice, not as it was strictly defined by Defendant's Medical Rules. *See Harris*, 329 F.R.D. at 620-21.

6.      Deny. Plaintiff denies this allegation for multiple reasons. First, as explained, the literal terms of Defendant's Medical Rules do not govern the scope of the *Harris* certified class does. The scope of the certified class is dictated by the Court's class certification decision. The *Harris* Court explicitly referred to DeGeer and the other declarants as "class members" and held that they "experienced the discrimination alleged herein." *Harris*, 329 F.R.D. at 624, n. 3. The *Harris* Court also rejected Union Pacific's argument that color vision claims were not "typical" of the class or should be excluded. *Id*. at 623-24.

Second, Defendant's contention misunderstands Plaintiff's ADA claim. In his Complaint, Plaintiff alleged that Defendant discriminated against him after he "was removed from service for a Fitness-for-Duty evaluation and excluded from work at Union Pacific on the basis of his real, record of, or perceived disability, which regards his ability to see color." (ECF No. 1 at ¶5.) The focus of a perceived disability claim is the impairment which the company perceives the employee to have, not what the employee believes, or what the employee's medical condition was in fact. *See* 42 U.S.C. §§ 12102(1), 12102(3)(A); 29 C.F.R. §§ 1630.2(g)(1)(iii), 1630.2(l); 29 C.F.R. pt. 1630 App. § 1630.2(l); *see also Mesa v. City of San Antonio by & through City Pub. Serv. Bd.*, No. SA-17-CV-654-XR, 2018 WL 3946549, at *13-16 (W.D. Tex. Aug. 16, 2018); *Brasier v. Union Pac. R.R. Co.*, No. CV2100065TUCJGZMSA, 2023 WL 2754007, at *15 (D. Ariz. Mar.

3

31, 2023). For this reason, Defendant's citation to Plaintiff's opinion is irrelevant, and certainly has no bearing on whether he was included within the *Harris* class definition. *See id.*

Third, Defendant's contention is incomplete and premature. Plaintiff expects that discovery in this matter will bear out that Defendant perceived Plaintiff to have a "new diagnosis, recent event, or change in a prior stable condition" related to his color vision, as demonstrated by the newly failed Light Cannon test. As a result, the company subjected Plaintiff to a fitness-for-duty review, wherein his medical records were reviewed by Defendant's Health and Medical Services Department, and then given broad work restrictions that prevented him from returning to his job. This evidence would demonstrate that according to Defendant, Plaintiff fell within the literal terms of its Medical Rules, and, as such, fell within the *Harris* certified class even under Defendant's revised interpretation.

7.      Deny. *See* Response to No. 6, *supra.*

8.      Admit in part, deny in part. Admit that like many other *Harris* class members, DeGeer worked without issue for many years despite his congenital color vision deficiency, and yet Defendant subjected him to a fitness-for-duty review because it perceived him to have a reportable health event as a result of the newly failed Light Cannon test, and, as a result, removed him from service, subjected him to a fitness for duty review, and imposed, broad, standard work restrictions that bore little resemblance to his actual duties, resulting in the loss of his job. Deny to the extent that Defendant infers that Plaintiff's subjective beliefs about his medical condition have any bearing on his inclusion within the *Harris* certified class or the issue of equitable tolling.

9.      Admit in part, deny in part. Admit that the quoted language is included within Plaintiff's declaration submitted in support of the *Harris* plaintiffs' Motion for Class Certification. Deny to the extent that Defendant infers that Plaintiff's description of the events that led to his

removal from service governs his inclusion in the *Harris* certified class or the issue of equitable tolling. The scope of the class is determined by the District Court's class certification order, and the question of equitable tolling is controlled by the Supreme Court's decisions in *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 552–56 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352–54 (1983). The *Harris* Court explicitly referred to DeGeer and the other declarants as "class members" and held that they "experienced the discrimination alleged herein." *Harris*, 329 F.R.D. at 624, n. 3. The *Harris* Court also rejected Union Pacific's argument that color vision claims were not "typical" of the class or should be excluded. *Id*. at 623-24.

10.     Deny. Plaintiff denies this allegation for several reasons. First, Defendant fails to cite admissible evidence in support of this factual contention. Defendant cites only its Answer to Plaintiff's Complaint, which cites to no statutes, regulations, testimony, or exhibits.

Second, Defendant's contention is premature and incomplete. With no admissible evidence cited to support Defendant's contention, discovery is necessary to understand the reasons why Defendant altered its color vision testing, resulting in the removal of employees who, like DeGeer, had worked without issue for several years, why it subjected Plaintiff to a fitness for duty review, imposed broad work restrictions, and removed Plaintiff from service, and whether Defendant's process and decision was consistent with FRA regulations, as it claims.

Third, Defendant's contention is irrelevant to Plaintiff's inclusion in the *Harris* certified class. FRA regulations have no bearing on Plaintiff's inclusion in the *Harris* certified class, or on the issue of equitable tolling. The scope of the class is determined by the District Court's class certification order, and the question of equitable tolling is controlled by the Supreme Court's decisions in *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 552–56 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352–54 (1983).

11.     Deny. *See* Response to No. 10, *supra.*

12.     Deny. During its appeal before the Eighth Circuit, Defendant repeatedly admitted that the *Harris* certified class encompassed over 7,000 employees, a direct reference to the third list it produced during discovery. (ECF No. 16 at ¶¶ 33, 56-58.) It is immaterial that Defendant did not agree that the list was complete during discovery. It fully admitted its third list represented the certified class before the Eighth Circuit, and thus was the official "class list." (*See id.*)

Plaintiff also denies because Defendant admitted during discovery in *Harris* that its second list *only* included individuals who were subject to a fitness-for-duty examination related to a reportable health event. (*Id.* at ¶¶ 28-31.) DeGeer was included on the second list. (*Id.* at ¶ 31.) Therefore, Defendant's current claim that DeGeer did not experience a reportable health event is contradicted by its prior admissions.

Finally, Plaintiff denies to the extent Defendant claims that its reservations about the lists it produced during *Harris* govern whether DeGeer was included within the *Harris* certified class, or subject to tolling. The scope of the class is determined by the District Court's class certification order, and the question of equitable tolling is controlled by the Supreme Court's decisions in *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 552–56 (1974) and *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352–54 (1983). Defendant's *beliefs* about what the list represented are immaterial.

13.     Deny. *See* Response to No. 12, *supra*.

14.     Admit in part, deny in part. Admit that the quoted language is included in the cited exhibit. Deny that the letter has any bearing on DeGeer's inclusion in the *Harris* certified class, or the issue of equitable tolling. *See* Response to No. 12, *supra*.

15.     Admit in part, deny in part. Admit that Mr. Moore sent the referenced email to Mr. Schlesinger on May 8, 2018. Deny to the extent that Defendant infers that this email controls

whether DeGeer was included within the *Harris* certified class, or subject to equitable tolling. *See* Response to No. 12, *supra*.

16.     Admit in part, deny in part. Admit that cited language is part of a letter from Mr. Schlesinger to Magistrate Judge Bazis on May 9, 2020. Deny that the letter has any bearing on DeGeer's inclusion in the *Harris* certified class, or the issue of equitable tolling. *See* Response to No. 12, *supra*.

Date: April 24, 2023                          **NICHOLS KASTER, PLLP**

                                              s/James H. Kaster
                                              James H. Kaster* (MN 53946)
                                                    kaster@nka.com
                                              Lucas J. Kaster* (MN 396251)
                                                    lkaster@nka.com
                                              Jacob C. Harksen* (MN 0400097)
                                                    jharksen@nka.com
                                              80  South Eighth Street
                                              4700 Center
                                              Minneapolis, Minnesota 55402-2242
                                              Telephone: (612) 256-3200
                                              Fax: (612) 338-4878

                                              * *admitted in D. Neb.*

                                              **ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems, and such filing was sent electronically using the CM/ECF system to all parties for whom counsel has entered an appearance.

Dated: April 24, 2023                    <u>s/James H. Kaster</u>
                                          James H. Kaster