IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD DEGEER,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | **8:23CV10**<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendant Union Pacific Railroad Co.'s Motion for Protective Order. (Filing No. 102). UPRC seeks to prevent legal counsel for the Equal Employment Opportunity Commission ("EEOC") from attending the depositions of Dr. John Holland and other witnesses in this case. For the reasons that follow, the motion will be granted.

## I.    BACKGROUND

Plaintiff brought this action against Defendant for damages arising from alleged violations of the Americans with Disabilities Act related to Defendant's company-wide fitness-for-duty program. (Filing No. 1). The EEOC is pursuing related litigation in Minnesota on behalf of multiple plaintiffs with similar claims against Defendant regarding color vision testing. (23-cv-3030-ECT-DLM, D. Minn). Plaintiff DeGeer is not a party to

1

the Minnesota case. The EEOC is not a party or a witness in this matter and the EEOC does not represent any party or witness in this matter.

The deposition of Dr. John Holland was scheduled to take place on February 27, 2026. On the afternoon of February 26, 2026, counsel for Plaintiff informed counsel for Defendant that counsel for the EEOC intended to virtually attend Dr. Holland's deposition. Defendant objected via email. Counsel for the EEOC asserted by email that if he attended he would "not say a peep." (Filing No. 103-2 at 10). Counsel for the EEOC and Defendant emailed back and forth on the matter, but did not reach a consensus. Defendant asked whether the deposition should be cancelled, or whether reading the transcript would suffice. (Filing No. 103-2 at 2). Defendant suggested that it would seek a protective order barring EEOC counsel from attending and EEOC counsel replied he was "Interested to hear what prejudice you can articulate." (Filing No. 103-2 at 6). Plaintiff's counsel was copied on the emails, but the record for this motion does not indicate that there was any emails sent by Plaintiff's counsel on February 26, 2026. The pending motion for protective order was filed on February 27, 2026 at 12:25 a.m. (Filing No. 102). On February 27, 2026, at 7:45 a.m. Plaintiff's served an amended notice of videotaped deposition by email. (Filing No. 118-1).

The parties did not contact chambers to request a conference, so the case proceeded to briefing. The undersigned's staff contacted the parties by email on March 9, 2026, to determine whether the deposition went forward as scheduled and whether the motion had become moot or could be withdrawn. Defendant advised by email that the EEOC did not attend Dr. Holland's deposition, but the parties conferred and Plaintiff's counsel notified Defendant that the EEOC intended to attend another deposition in this case, which had not yet been scheduled. (Attachment 1). Accordingly, Defendant advised that the motion was not resolved or moot. Plaintiff's response confirmed the same. (Filing No. 116). Plaintiff specifically noted there are additional depositions in this case that the EEOC "may seek to attend" so the issues raised in the motion were not moot. (Filing No. 116 at 2, n. 1).

## II.    STANDARD OF REVIEW

Fed. R. Civ. P. 26 allows a party or any person from whom discovery is sought to move for a protective order. The court may grant a protective order for good cause, to protect the movant from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed.R.Civ.P. 26(c)(1). The burden is therefore upon the movant to show the necessity of its issuance, which contemplates "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements * * *." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65). A determination of whether "good cause" for a protective order exists "must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." *E.E.O.C. v. GMT, LLC*, No. 8:11CV336, 2012 WL 2871789, at *2 (D. Neb. July 12, 2012) (citing *Gen. Dynamics. Corp.,* 481 F.2d at 1212). The court has broad discretion in determining whether a protective order is warranted and the degree of protection required. *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).

## III.    ANALYSIS

Defendant sought a protective order barring EEOC counsel from Dr. Holland's deposition, and other depositions taken in this case. Defendant argues that as a non-party litigating separate cases against Defendant, the EEOC only has two possible reasons to attend the depositions: 1) to annoy, oppress, and harass the witness; or, 2) to assist Plaintiff's counsel in their representation of Plaintiff to garner a favorable outcome in this case and others, including the case pending in Minnesota. (Filing No. 103). Defendant argues that EEOC counsel have not and cannot appear on behalf of Plaintiff DeGeer, and it is improper for the EEOC to provide assistance to Plaintiff's counsel.

The EEOC counsel does not fall within the categories of deposition attendees that are typically assumed, including counsel of record, the parties, deponent and their counsel, and those present to record the deposition including court reporters and videographers.

Nonetheless, Plaintiff asserts that non-parties are permitted to attend depositions as depositions proceed "as they would at trial." (Filing No. 116 at 2) (citing Fed. R. Civ. P. 30(c)(1)). Plaintiff concedes that Rule 26(c)(1)(E) permits the court to limit who may be present when discovery is conducted, but the existence of the rule must mean the presumption is for depositions to be open to non-parties unless there is good cause to bar their attendance. (Filing No. 116 at 2).

The Supreme Court of the United States has stated "pretrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law, and in general, they are conducted as private as a matter of modern practice." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984) (internal citations omitted). A judge in the U.S. District Court for the District of New Mexico cited several secondary sources in accord with the notion that depositions are not generally matters of public record, "[r]ather they are protected by a certain degree by the privacy interests implicated by Rule 26(c)." *Murphy v. United States*, No. CIV 17-0384 JAP/JHR, 2017 WL 6379599, at *2 (D.N.M. Dec. 12, 2017). The court stated:

> One [secondary source] provides that '[m]embers of the public generally have no right to attend depositions.' Attendance at depositions, 1 Discovery Proceedings in Federal Court § 9:6 (3d ed. 2017.). Another states 'it has been held that neither the public nor representatives of the press have a right to be present at the taking of a deposition.' Limitation of Persons Present at Discovery, 8A Fed. Prac. & Proc. Civ. § 2041 (3d ed. 2017). Likewise, the Federal Civil Rules Handbook states that '[t]he Court may exclude the public, the press, other witnesses, or other nonparties from a deposition or access to documents produced in discovery under Rule 26(c)(1)(E).' Federal Civil Rules Handbook, 786 (2017).
>
> *Id.*

The court in *Murphy* noted "there is little case law directly on point," but cited several cases where the district court barred a non-party from attending the deposition of a witness. *See Murphy,* 2017 WL 6379599 at *3, (citing *E.E.O.C. v. Original Honeybaked Ham Co. of Georgia,* 2012 WL 3472281 (D. Colo. 2012) (barring member of the public from attending deposition of "aggrieved individuals" in a Title VII action); *Batt v. Kimberly-*

4

*Clark Corp.*, 2006 WL 1623657, at *2 (N.D. Okla. June 6, 2006) (barring Plaintiff's wife, a non-party, from attending Plaintiff's deposition); *Kimberlin v. Quinlan*, 145 F.R.D. 1, 1 (D.D.C. 1992) (barring the news media from attending a pretrial deposition, but not foreclosing the media's right to gain access to the information revealed, at some point).

Defendant argues there is good cause for a protective order because "legal counsel for the EEOC – an enforcement arm of the United States government" cannot assist Plaintiff's counsel without entering an appearance and subjecting themselves to the court's supervisory authority, and because the presence of attorneys for a non-party federal agency would serve to annoy, harass, or oppress the deponent. (Filing No. 117 at 1-2). On the other hand, Plaintiff asserts the EEOC has a legitimate interest in observing the proceedings, as the EEOC is pursuing a related case against the same defendant, and there is no good cause to bar EEOC attorneys from attending remote depositions.

The court notes that Plaintiff asserted the EEOC counsel would attend only as observers (Filing No. 116 at 5), but also argued "there is nothing improper about the EEOC otherwise assisting DeGeer's counsel so long as it is not interrupting or impeding the examination or cross-examination" and stated the EEOC would be "free to talk to DeGeer's counsel during breaks." (Filing No. 116 at 4). It is unclear exactly what the EEOC's purpose is in attending the virtual deposition, but based upon the representations of counsel, it is reasonable to conclude that the presence of an EEOC attorney, an extension of the federal government with no connection to this case, could constitute annoyance, harassment, or oppression sufficient to justify a protective order. Defendant has met its burden to show good cause for excluding EEOC from live attendance and/or participation in depositions in this case. Further, there can be no hardship on the non-movant, because Plaintiff DeGeer is not limited at all by this order. Nothing in this order prevents the EEOC from reviewing a transcript or videotape of the anticipated deposition(s), which is a less restrictive means for the EEOC to obtain whatever information it seeks from the depositions in this case.

Accordingly,

IT IS ORDERED:

Defendant's Motion for Protective Order is granted as set forth herein. (Filing No. 102).

Dated this 16th day of April, 2026.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge