IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD DEGEER,<br><br>Plaintiff,<br><br>UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Intervenor Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD CO.,<br><br>Defendant. | **8:23CV10**<br><br>**MEMORANDUM AND ORDER** |

On September 16, 2026, the magistrate judge[1] denied (Filing No. 201) intervenor plaintiff United States Equal Employment Opportunity Commission's ("EEOC") Motion to Intervene (Filing No. 188) in this case pursuant to Federal Rule of Civil Procedure 24(b) and "Section 12117(a) of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12117(a), which incorporates Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1)." Though acknowledging that the case may be of some "general public importance as certified by the EEOC," the magistrate judge denied the motion, concluding it was untimely. *See* 28 U.S.C. § 636(b)(1)(A) (permitting the Court to "designate a magistrate judge to hear and determine any pretrial matter pending before the court" with just a few exceptions); Fed. R. Civ. P. 72(a) (authorizing magistrate judges to decide pretrial matters "not dispositive of a party's claim or defense"). He further found its purpose unclear.

[1]The Honorable Ryan C. Carson, United States Magistrate Judge for the District of Nebraska.

The EEOC and plaintiff Todd DeGeer ("DeGeer) each object (Filing Nos. 202, 203) to that decision. The EEOC contends that its motion to intervene was dispositive and that the magistrate judge had no authority to decide it. It urges the Court to grant its motion on de novo review. *See* 28 U.S.C. § 636(b)(1). Failing that, the EEOC argues the decision "is clearly erroneous and contrary to law." *See id.* For his part, Degeer argues the magistrate judge abused his discretion by failing to properly consider the totality of the circumstances in this case and ignored "the guiding light of" Federal Rule of Civil Procedure 1 (facilitating "the just, speedy, and inexpensive determination of every action and proceeding").

Union Pacific unsurprisingly asks the Court to overrule the objections and affirm the denial (Filing Nos. 205, 206). It maintains allowing the EEOC to intervene at this late date would cause undue prejudice.

Having carefully reviewed the magistrate judge's order, the objections, and the balance of the record in this case, the Court finds no error in the magistrate judge's ruling. *See*, *e.g.*, *South Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) ("Reversal of a decision denying permissive intervention is extremely rare, bordering on nonexistent."). To start, the Court is not convinced at this point that the denial of a motion for permissive intervention is dispositive and thus beyond the magistrate judge's authority as the EEOC contends. It is neither a natural fit with the statutory exceptions in § 636(b)(1)(A) nor disposes "of a party's claim or defense" under Rule 72(a). *See* Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary* § 72:19 (2026 ed.) ("The prevailing view is that a motion to intervene is a nondispositive matter referable to a magistrate judge for determination under Federal Rule of Civil Procedure 72(a)."); *Std. Heating & Air Conditioning Co. v. City of Minneapolis*, 137 F.3d 567, 570 (8th Cir. 1998) (upholding the magistrate judge's denial of a motion for permissive intervention as affirmed by the district court); *Jones v. Casey's Gen. Stores, Inc.*, No. 4:07-CV-00400, 2010 WL 11614139, at *3 (S.D. Iowa Feb. 18, 2010) (explaining that

"[m]otions to intervene are generally treated as non-dispositive matters, ripe for a determinative adjudication by a magistrate judge"); *cf. Robert Ito Farm, Inc. v. Cnty. of Maui*, 842 F.3d 681, 687 (9th Cir. 2016) (agreeing "with the Seventh Circuit that a prospective intervenor is not a 'party'" until actually allowed to intervene).

Despite its professed certainty about the magistrate judge's lack of authority, the EEOC concedes the Eighth Circuit has not yet decided the issue. And the EEOC's cited authority does not compel that conclusion in these circumstances. *Cf. NY Chinese TV Programs, Inc. v. U.E. Enters., Inc.*, 996 F.2d 21, 25 (2d Cir. 1993) (concluding that "[w]ithout the consent of the 'intervenors,'" a magistrate judge's order denying a motion to intervene as a matter of right had "the effect only of a report and recommendation to the district judge").

In the end, it makes little difference here. Whether reviewing de novo or for clear error, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a)-(b), the Court sees no compelling reason to break with the magistrate judge's thorough reasoning. *See*, *e.g.*, *Burnett v. Nat'l Ass'n of Realtors*, 187 F.4th 1051, 1076 (8th Cir. 2026) (affirming the denial of a motion to intervene). In simple terms, the Court agrees that the motion to intervene is untimely and unwarranted under the totality of the circumstances in this case. *See id.*; *Chase v. Andeavor Logistics, L.P.*, 165 F.4th 1102, 1124 (8th Cir. 2026) (explaining the decision to grant permissive intervention is entirely within the district court's discretion); *ACLU of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1094 (8th Cir. 2011) (explaining "the timeliness of a motion to intervene . . . is based on all of the circumstances" before articulating "factors that the district court should specifically consider: (1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties"). DeGeer's assertion that the magistrate judge abused its discretion in weighing the pertinent factors set forth in *ACLU* is unavailing.

In light of the foregoing,

IT IS ORDERED:

1. Intervenor plaintiff United States Equal Employment Opportunity Commission's and plaintiff Todd DeGeer's respective Objections (Filing Nos. 202, 203) are overruled.
2. The magistrate judge's Memorandum and Order (Filing No. 201) denying the EEOC's Motion to Intervene (Filing No. 188) is affirmed.

Dated this 16th day of October 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge